751 A.2d 35

**ANNE ARUNDEL COUNTY, Maryland, et al.**

v.

**Rebecca J. TIERNEY.**

**No. 1776, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

May 3, 2000.

**150**

Ronald J. Travers, Assistant County Attorney (Linda M. Schuett, Couty Attorney, on the brief), Annapolis, for appellants.

Mark A. Snyder (Stuart H. Arnovits and Cohen, Snyder, Eisenberg & Katzenberg, P.A., on the brief), Baltimore, for appellee.

Argued before DAVIS, SONNER, THEODORE G. BLOOM, (retired, specially assigned), JJ.

DAVIS, Judge.

This is an appeal from the grant of appellee Rebecca J. Tierney's motion for summary judgment by the Circuit Court for Anne Arundel County, which had upheld the finding of the Workers' Compensation Commission (Commission) that, on judicial review when a Commission award is increased, appellants are entitled to a credit of payments made to claimant calculated in terms of a fixed dollar amount rather than a weekly credit.

Appellants Anne Arundel County Board of Education, employer, and Anne Arundel County, insurer, present for our review one question, which we restate as follows:

Did the circuit court err by determining that appellants are entitled to a credit for the total dollar amount of benefits previously paid for appellee's permanent partial disability?

For the reasons set forth herein, we answer appellants' question in the negative and affirm the judgment of the circuit court.

## FACTUAL BACKGROUND

Appellee sustained an accidental injury in the course of her employment with the Anne Arundel County Public Schools on January 12, 1995. Pursuant to a stipulation filed with the Commission, appellants and appellee all agreed that appellee sustained a 19.5% permanent partial disability to her left leg. On February 12, 1996, the Commission approved the parties' stipulation and entered an order entitling appellee to be paid compensation at a weekly rate.

In February 1999, appellee's condition acerbated and, as a result, she filed a petition to reopen her claim. The Commission conducted a hearing on February 22, 1999, and determined that appellee sustained a 10.5% increase in the loss of use of her left leg, providing a total loss of use of 30%. In accordance with these new findings, the Commission ordered

appellants to pay appellee $175 weekly for a period of ninety weeks, subject to a credit for compensation previously paid, in the amount of $5,510.70, under the February 12, 1996 order. Appellants filed a petition for judicial review in the Circuit Court for Anne Arundel County on March 15, 1999. Subsequently, both parties filed motions for summary judgment. On August 20, 1999, the circuit court conducted a hearing and granted appellee's motion and denied appellants' motion. From the circuit court's grant of appellee's motion, appellants timely filed this appeal.

## DISCUSSION

Appellants assert that the circuit court erred in crediting appellants for benefits previously paid based on a calculation of a dollar amount. They argue that they were entitled to a credit based on the number of weeks for which they had paid benefits to appellee in accordance with the Commission's order of February 12, 1996, rather than a flat dollar amount. More specifically, they contend that

> the issues are very similar but *there does exist one factual distinction between the case at bar and the Ametek*[1] *decision.* That distinction is that, in the present case, the [appellee] previously received an Order from the Maryland Workers' Compensation Commission finding a 19.5% loss of use of her left leg. She did not appeal that decision but subsequently reopened this case. Following a hearing on the reopening of this claim the [appellee] received an increase of 10.5% loss of use to the left leg (App.1) in benefits. Thus there is a break in the continuity of this claim as opposed to *Ametek* which essentially involves continuous and unbroken litigation.

(Emphasis added.)

In further support of their argument, appellants suggest that the legislative intent of the Maryland Workers' Compen-

---

1. *Ametek, Inc. v. O'Connor*, 126 Md.App. 109, 727 A.2d 437, cert. granted, 355 Md. 610, 735 A.2d 1105 (1999).

sation Act (Act) indicates that claims involving a worsening of condition that are subject to an increase or decrease in permanent partial disability benefits should be based on a weekly credit approach because the dollar credit approach results in benefit amounts that are inconsistent with existing laws and policies. We disagree.

It is well settled that the purpose of the Maryland Workers' Compensation Act is "to compensate employees for the loss of earning capacity resulting from accidental injury, disease, or death occurring during the course of employment." *See Philip Electronics North America v. Wright,* 348 Md. 209, 215–16, 703 A.2d 150 (1997)(citing *DeBusk v. Johns Hopkins,* 342 Md. 432, 437, 677 A.2d 73 (1996)). Pursuant to the Act, liability for an employee's injury is always placed on the employer, regardless of fault. *Id.* at 216, 703 A.2d 150. In interpreting the Act, the Court of Appeals noted that it " 'should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes.' " . *See Para v. Richards Group,* 339 Md. 241, 251, 661 A.2d 737 (1995) (quoting *Howard Co. Ass'n for Retard. Cit. v. Walls,* 288 Md. 526, 530, 418 A.2d 1210 (1980)). Moreover, we held "that when a claimant is granted the right to reopen his [or her] claim on the basis that his [or her] condition has worsened, the employer-insurer, the employer-self insurer or the Uninsured Employers' Fund, as the case may be, is entitled to a credit for compensation previously paid." *See Norris v. United Cerebral Palsy of Cent. Maryland,* 86 Md.App. 508, 514, 587 A.2d 557 (1991) (citations omitted). In summarizing how all of these principles should be applied to a given case, the Court of Appeals recapitulated in *Philip Electronics:*

> In construing the Act, as in construing all statutes, the paramount objective is to ascertain and give effect to the intent of the legislature. In interpreting the Act, we apply the following general principles. First, if the plain meaning of the statutory language is clear and unambiguous, and consistent with both the broad purposes of the legislation, and the specific purpose of the provision being interpreted,

our inquiry is at an end. Second, when the meaning of the plain language is ambiguous or unclear, we seek to discern the intent of the legislature from surrounding circumstances, such as legislative history, prior case law, and the purposes upon which the statutory framework was based. Last, applying a canon of construction specific to the Act, if the intent of the legislature is ambiguous or remains unclear, we resolve any uncertainty in favor of the claimant.

*Philip Electronics,* 348 Md. at 216–17, 703 A.2d 150 (citations omitted).

■ In the case *sub judice,* the trial court upheld the Commission's order granting appellants a credit for compensation previously paid, in the amount of $5,510.70, under the February 12, 1996 order. The record reveals that the court deemed appropriate the Commission's use of the dollar approach for determining the credit to which appellants were entitled. The record also indicates that the judge, when making his determination, found the *Ametek* decision to be controlling. As we previously stated, however, appellants argue that the court's reliance on *Ametek* was misplaced because the facts of the instant case are different from those in *Ametek.* The gravamen of their argument is that, because appellee's claim was one in which the original order was never appealed, but reopened, the court is bound by the holding in *Philip Electronics,* in which the Court of Appeals held that payments for partial permanent disability benefits must be based on a weekly framework, rather than focusing upon the total value of the award. *Philip Electronics,* 348 Md. at 221, 703 A.2d 150. We disagree.

Although, as we have noted, the weekly credit approach is consistent with the Act's benefit structure, it may not be appropriate in all cases. *Ametek,* 126 Md.App. at 116, 727 A.2d 437. The Court of Appeals, in *Philip Electronics,* determined that a weekly approach was appropriate based on the fact that the employer was seeking a reduction. Unlike the employer in *Philip Electronics,* appellee, the claimant, sought

and obtained an increase—not a decrease—in permanent partial disability benefits.

Essentially, in *Ametek*, we stated that, in order to promote the benevolent purpose of the Act, the credits that the employer is entitled to must be based on the total amount of money actually paid to claimant, rather than on the number of weeks for which benefits were paid. Specifically, we held that, "when an award to a claimant is increased pursuant to a petition for judicial review, the employer/insurer is entitled to a credit for the total amount of money actually paid to the claimant prior to the increase in the award." *See id.* at 112, 727 A.2d 437. Additionally, in articulating the relevant facts in discerning the legislative intent behind the Act, Judge Hollander, writing for the Court, observed:

> The Act is a remedial statute, and its provisions are liberally construed in favor of employees in order to realize the Act's benevolent purposes. As a consequence, any ambiguities in the Act must be resolved in favor of a claimant. Nevertheless, in construing the Act, we may not "stifle . . . (its) plain meaning . . . exceed its purposes . . . (or) create ambiguity or uncertainty in (its) . . . provisions where none exists so that a provision may be interpreted in favor of the . . . claimant." Nor may we extend coverage "beyond that which is authorized by the provisions of the Act."

*See id.* at 116–17, 727 A.2d 437 (citations omitted).

We later explained in *Ametek* the proper course absent a clear legislative mandate:

> We have not uncovered any case suggesting that, under the circumstances attendant here, a claimant should receive *less* in benefit dollars than he or she is otherwise entitled to recover. Indeed, such a result would be an affront to the legislative scheme set forth in the Act. Instead, we glean from the above cited cases a consistent theme: the Act is liberally construed so as to minimize hardship to the employee and his or her dependents. Consequently, absent a clear legislative directive, the approach that inures to the benefit of the employee is ordinarily favored. Thus, the

appellate courts have not permitted an employer to recoup benefits erroneously paid to an employee. Rather, the cases have countenanced a claimant's recovery of benefits in excess of an amount the claimant is actually entitled to receive.

*Id.* at 122, 727 A.2d 437 (citation omitted).

■ We are confronted, as we were in *Ametek,* with a case in which the claimant is asking for an increase in benefits due to a worsening condition. Appellants' contention that *Ametek* is distinguishable from the instant case is not persuasive. That the instant appeal involves a reopening of a claimant's case as opposed to an appeal from a final judgment, is of no moment; as a consequence, the procedural distinction precludes the court from using the dollar approach, as long as that approach benefits the employee. The Act is a remedial statute and, as stated, *supra,* must be construed in favor of the injured claimant. *See Philip Electronics,* 348 Md. at 217, 703 A.2d 150. Moreover, in *Ametek,* we noted that,

> when a claimant's initial award by the Commission is reduced pursuant to a petition for judicial review, an employer shall be entitled to a credit for the number of weeks of benefits actually paid in accordance with the original order, rather than a credit based upon the amount of money previously paid to the worker.

*See Ametek,* 126 Md.App. at 118–19, 727 A.2d 437 (citing *Philip Electronics,* 348 Md. at 221, 703 A.2d 150).

■ Under the circumstances of this case, and because appellee's claim involves an increase in disability benefits, we perceive no error by the Commission, or the circuit court, in determining that appellants are entitled to a credit in a fixed dollar amount, rather than a weekly credit. We stated, in *Ametek,* that workers' compensation cases must always be determined on a case-by-case basis; using the dollar approach is more beneficial to appellee and is consistent with the benevolent purpose and the legislative intent of the Act. *See id.* at 123, 727 A.2d 437. Perceiving no material factual

distinction, we accordingly adopt our ultimate holding in *Ame-tek:*

> Therefore, we conclude that when an award is increased upon judicial review, the Employer is not entitled to a credit based on the number of weeks for which benefits were paid. Rather, the Employer is entitled to a credit for the total amount of money actually paid to the Claimant prior to the increase.

*Id.*

The circuit court was correct in granting appellee's motion for summary judgment and upholding the Commission's decision to use the dollar approach based on appellee's increase in disability benefits.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANTS.**